MARY LENZ v. CITY OF ST. PAUL.[1]

July 3, 1902.

Nos. 13,063—(175).

Personal Injury—Verdict Sustained.

> Held, in a personal injury case, that there was testimony to support a verdict in favor of the plaintiff.

Action in the district court for Ramsey county to recover $8,000 for personal injuries. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $2,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for appellant.

*Otto Kueffner,* for respondent.

COLLINS, J.

The gist of the complaint in this, a personal injury case, was that while the defendant city was reconstructing its Wabasha

[1] Reported in 91 N. W. 256.

street bridge its employees connected a newly constructed part with a section of the old by means of a negligently placed plank, and that in crossing this structure the plaintiff, a pedestrian, stepped upon this plank; that it slipped from under her; and that one foot and leg went into an aperture causing the injuries complained of. The case was twice tried, with a verdict for the plaintiff in each instance; the first being set aside for error committed at the trial. The present appeal is from an order denying a new trial after the second verdict.

The contest in the court below was very clearly and sharply drawn; the plaintiff testifying that the plank which seems to have been placed across the sidewalk, inclining from one part to the other a few inches lower, slipped as she stepped upon it, early in the morning; her counsel contending that it had never been nailed or fastened at all, while defendant's witnesses testified that just before quitting work the night before the workmen securely and firmly nailed the plank in position, so that it could not move or slip. If defendant's testimony was true the plank could not have been in the condition contended for by plaintiff, for it could not have slipped when she stepped on it the next morning after it was so fastened. This was a well-defined issue, and without any objection whatever from either party, or any suggestion that there was any mistake or error, the court, when instructing the jury, charged that, if the plank was securely and firmly nailed or fastened by the men the night before, plaintiff could not recover; and further charged that if the plaintiff, while carefully walking over the plank, placed her foot, as she had testified, upon it, and it slipped "because it had never been securely fastened," causing her to fall and to receive the injuries, she was entitled to a verdict. Thus was the issue presented by the testimony placed clearly and fairly before the jury by the trial court, and their finding was for plaintiff. The verdict will have to be sustained, for the evidence in plaintiff's behalf tended to support her contention. While the testimony preponderated in favor of the city upon this point, we cannot say that there was no testimony tending to warrant the jury in concluding that the plank was not fastened; and, if it was not, inclining it without fastening, over an aperture in

the walk, was, it seems to be conceded, a negligent act for which the city would be liable.

After the jury had been in consultation some time they returned into court, and through the foreman asked if they were satisfied that the plank in question was insufficiently spiked in the evening, could they, on that ground, find a verdict for the plaintiff? The court immediately replied that there was no evidence whatever from which the jury could find that the plank was insufficiently spiked. They must either find it was spiked or that it was not, said the court, with some elaboration upon the question at issue before referred to.

There was no suggestion by counsel at the time that this was not strictly true, nor was it claimed upon appeal that there was any evidence which would justify a finding that the plank was insufficiently spiked; but it is now claimed by counsel for the city that the jury should have been charged, when asking this question, that they could find for the plaintiff if of the opinion that ordinary care did not require the city, under the circumstances shown, to have taken the precaution to have the plank sufficiently spiked, and that the failure so to charge was error which prejudiced the city. If this instruction to the jury would have been to the interest of the defendant city, its counsel should have proposed it; but a moment's thought will show that the instruction already given, and adhered to by the court when the jury asked this question, was more favorable to the city than the one suggested. Had such an instruction been given, counsel for plaintiff might have complained, but no ground exists for defendant's counsel to say that the city was prejudiced by the omission. There are no other questions which need comment.

Order affirmed.